IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION


| | | |
|---|---|---|
| MERLE K. STENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | CV-10-75-GF-SEH-RKS |
| | ) | |
| | ) | FINDINGS AND |
| MICHAEL J. ASTRUE, | ) | RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff Ms. Merle K. Stengel seeks judicial review of the decision of

Defendant, Commissioner of Social Security ("Commissioner"), denying her

applications for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act, 42 U.S.C. §§ 416(i), 423.  This case was reassigned to the

undersigned for the submission of proposed findings and recommendations by

United States District Judge Sam E. Haddon on January 25, 2011, C.D. 8.  Now

pending are the parties' motions for summary judgment (C.D. 15, 16).  Having

considered the issues raised by the parties, together with the administrative record,

the Commissioner's motion should be granted, and the denial of benefits should be affirmed.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed her application for SSI on September 7, 2007, alleging an onset date of December 31, 1998, Tr. at 39-41, 64, 516.  Her application was denied initially on January 14, 2008. *Id.* at 34.  A request for reconsideration was filed on January 17, 2008 and denied on February 25, 2008. *Id.* at 84-85.  A hearing was held on October 1, 2009.  *Id.* at 424-510.  The ALJ denied benefits on May 17, 2010. *Id.* at 511-528.  Plaintiff submitted a Request for Review of Hearing to the Appeals Council, which was denied on September 17, 2010.  *Id.* at 4-6. Ms. Stengel sought judicial review of this decision by filing a complaint in the United States District Court for the District of Montana, on November 17, 2010.  C.D.1.

## II.  STANDARD OF REVIEW

The Court's review in this case is limited. The Commissioner's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, *Palmer v. Celebrezza*, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

## III.   BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. *Id.* At step one, the claimant must show she is not currently engaged in substantial gainful activity. *Id.* At step two, the claimant must show she has a severe impairment. *Id.* At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the listing of impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id.* If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). *Jones*, 760 F.2d at 995.

## IV.  MS. STENGEL'S ARGUMENTS

Ms. Stengel argues her combination of severe impairments render her disabled, and the ALJ erred by not so finding.  C.D. 15, p. 2.  Ms. Stengel also argues that her neck and back surgeries in 2009, although outside the period of the

claim, demonstrate she was not exaggerating her condition.  C.D. 15, p. 4.

## V.     COMMISSIONER'S ARGUMENTS

The Commissioner argues the objective medical evidence provides substantial evidence supporting the ALJ's decision.  C.D. 18, p. 5-9.  The Commissioner contends that Ms. Stengel's 2009 surgeries are not material to her disability claim because they post-date her December 2006 insured status by years.  C.D. 18, p. 9.  Ms. Stengel's level of activity, including working after her alleged onset date, is inconsistent with a finding of disability.  C.D. 18, p. 14.  Finally, the Commissioner argues the ALJ's credibility determination was supported by the conservative treatment recommended by Ms. Stengel's treating physicians.  C.D. 18, p. 15-16.

## VI.   DISCUSSION

The ALJ's decision that Ms. Stengel is not disabled is supported by substantial evidence.

At step one the ALJ correctly determined that Ms. Stengel has not engaged in substantial gainful activity from her alleged onset date of December 31, 1998 to her date last insured of December 31, 2006. Tr. 516.

The ALJ determined at step two that Ms. Stengel had the following severe impairments: degenerative disc disease of the cervical and lumbar spine,

fibromyalgia, osteoarthritis, hypertension, and gastroesophageal reflux disease (GERD). Tr. 517. Ms. Stengel does not dispute this finding.

At step three the ALJ found Ms. Stengel did not have an impairment or combination of impairments meeting the impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 518. Ms. Stengel does not argue that any of her severe impairments, by themselves, support a finding of disability. Rather, she argues her combination of impairments have significantly limited her ability to perform basic work activities. C.D. 15, p. 2.

The existence of impairments alone is not sufficient to prove disability. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The claimant must show she is precluded from any type of substantial gainful employment due to her impairments to establish disability. *Id.*

The ALJ had substantial evidence supporting his decision that "while the claimant did have a combination of impairments that caused pain, discomfort, and made her unsuitable to perform certain types of jobs, her impairments did not preclude her from performing all types of work-related activity on a sustained basis. . . ." Further, he found Ms. Stengel was not disabled because she "remained fairly active, was traveling, working part-time, and taking care of family members" during the period of the claim. Tr. 520. The ALJ found that although Ms.

Stengel's symptoms varied over the period of her alleged disability, the medical evidence and her reports to treating physicians showed that physical therapy and medication managed her symptoms to a degree inconsistent with disability. Tr. 522. The ALJ supported this finding with a careful review of many medical records and opinions from treating and examining physicians.

Treating physicians' opinions are generally entitled to more weight than non-treating physicians. Carmickle, 533 F.3d at 1164. Examining physicians' opinions are given greater weight than non-examining physicians, but less weight than treating physicians. 20 C.F.R. § 404.1527(d). The opinions of specialists are given more weight than non-specialists in matters relating to their specialty. 20 C.F.R. § 404.1527(d)(5).

In May 2000 Ms. Stengel reported to Dr. Bennett, one of her treating physicians, that she was doing well and physical therapy improved her fibromyalgia. Tr. 174. In March 2001, Ms. Stengel reported to treating physician Dr. Effertz that she enjoyed her part-time work because it allowed her to spend more time with her son. Tr. 405. Dr. Effertz reported "I tried very hard to reassure this woman that the arthritis and tendinitis in the fingers and the soft tissue rheumatism associated with her back syndrome and her general pain syndrome are not representative of a disease as such and that she can continue to do her work and

even overdo it and she will not harm herself." Tr. 406. Dr. Effertz further noted that she believed Ms. Stengel's rheumatic complaints were magnified due to depression, and her only treatment recommendation was a change in medication. *Id.*

Dr. McDowell examined Ms. Stengel in April 2004 for chronic neck and back pain. Tr. 419. Dr. McDowell reported that Ms. Stengel was self-employed at that time as a floral and event-designer, but she was planning on applying for social security. Tr. 420. Dr. McDowell's recommendation, as an examining physician, was that Ms. Stengel should discontinue narcotics and he did not believe she was a good candidate for disability. Tr. 421.

In May 2005 Ms. Stengel reported to Dr. Bennett that she remained active and was working at home despite her fibromyalgia flares. Tr. 155. Dr. Rizzolo examined Ms. Stengel in October 2006, and also treated her for back pain in 1999. He recommended continued conservative treatment, and determined at most she could continue light or sedentary employment with alternating sitting and standing due to her spine pathology. Tr. 207.

It appears from the record that Dr. Bennett was Ms. Stengel's primary treating physician, and Dr. Effertz was also a treating physician. Ms. Stengel's severe impairments were mostly reported as stable in Dr. Bennett's treatment

notes, and she was conservatively treated, mostly with medication, during the alleged period of disability. Impairments that can be effectively treated with medication are not disabling. *Warre v. Commissioner*, 439 F.3d 1001, 1006 (9th Cir. 2006). Also, objective medical evidence can provide substantial evidence supporting the ALJ's decision. *Green*, 803 F.2d 530-531.

Dr. Effertz opined that Ms. Stengel could continue to work and even overdo it without harming herself. Dr. McDowell, an examining physician whose specialty is spinal orthopedic surgery, opined that Ms. Stengel's back pain and fibromyalgias were not disabling. Dr. Rizzolo's opinion as an examining physician was the most limiting, and even he did not rule out gainful employment. These opinions and the medical records supporting them provide substantial evidence for the ALJ's determination that Ms. Stengel's impairments and combination of impairments were not disabling.

Ms. Stengel's argument, essentially a recitation of complaints from unknown medical sources, is unavailing. Ms. Stengel does not clarify whether these records were from a treating, examining, or reviewing medical source, so it is impossible to determine what weight any of the complaints should be given. While there are certainly medical records demonstrating Ms. Stengel suffered pain from her impairments, it is the ALJ's job to resolve conflicting medical records. Where

medical records can rationally be interpreted in more than one way, the Commissioner's decision must be upheld. 42 U.S.C.A. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).

Further, Ms. Stengel does not explain why the ALJ erred in not considering her 2009 back and neck surgeries. The period of disability ended in December 2006. The hearing in this matter was held on October 1, 2009, after Ms. Stengel's surgeries. The ALJ issued his opinion on May 17, 2010. Tr. 528. The ALJ was thus aware of Ms. Stengel's surgeries when he made his decision, and it was reasonable for him not to consider them as they occurred outside the period of the claim.

The medical evidence and opinions of record support the ALJ's RFC determination, and his finding at step four that Ms. Stengel is capable of returning to her past relevant work as a floral designer and salesperson. Tr. 519-527. The parties do not specifically dispute these findings, and the above analysis demonstrates the ALJ did not err in so finding.

## V.     CONCLUSION

The medical record and the opinions of Ms. Stengel's treating physicians provide substantial evidence for the ALJ's determination that Ms. Stengel is not disabled and is capable of her past relevant work.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1.      Ms. Stengel's Motion for Summary Judgment (C.D. 15) should be

        **DENIED**;

2.      The Commissioner's Motion for Summary Judgment (C.D. 16) should

        be **GRANTED**.

**VI.     NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
        RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
        OBJECT.**

        Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

objections to these Findings and Recommendations within fourteen (14) days of

the date entered as indicated on the Notice of Electronic Filing.  A district judge

will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

judge.

        DATED this 21st day of September, 2011.

                                        */s/ Keith Strong*          
                                        Keith Strong
                                        United States Magistrate Judge